**JENNER & BLOCK LLP**
Kate T. Spelman (SBN 269109)
kspelman@jenner.com
Alexander M. Smith (SBN 295187)
asmith@jenner.com
515 Flower Street Suite 3300
Los Angeles, CA 90071
Telephone: (213) 239-5100
Facsimile:   (213) 239-5199

**JENNER & BLOCK LLP**
Dean N. Panos (to apply *pro hac vice*)
dpanos@jenner.com
353 North Clark Street
Chicago, IL 60654
Telephone: (312) 222-9350
Facsimile:  (312) 527-0484

Attorneys for Defendants
Mondelēz International, Inc. and Mondelēz Global LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELSA MERIDA, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>MONDELĒZ INTERNATIONAL, INC., a Virginia Corporation; MONDELĒZ GLOBAL LLC, a Delaware Limited Liability Company; and DOES 1 through 10, inclusive,<br><br>　　　　　　　　Defendants. | Case No:<br><br>**NOTICE OF REMOVAL**<br><br>[County of San Bernardino Superior Court Case No. CIV SB 2122624] |

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendants Mondelēz International, Inc. and Mondelēz Global LLC (together, "MDLZ" or "Defendants") hereby effect the removal of this action from the Superior Court of California, County of San Bernardino to the United States District Court for the Central District of California, Eastern Division.

Removal is proper based on: (1) the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), because this case is a class action in which the putative class exceeds 100 members, at least one plaintiff is diverse from at least one defendant, and the amount in controversy exceeds $5 million; and (2) 28 U.S.C. § 1332(a), because there is complete diversity, and the amount in controversy exceeds $75,000, exclusive of interest and costs. Venue is proper in this Court because it is the "district and division embracing the place where [the] action is pending." *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 84(c)(1) (providing that the San Bernardino County is part of the Eastern Division of the Central District of California).

## **FACTUAL BACKGROUND AND STATE COURT PROCEEDINGS**

1. Plaintiff filed this lawsuit in San Bernardino Superior Court on August 5, 2021. *See* Ex. A (State Court Complaint and Summons). MDLZ executed the Acknowledgment of Receipt on October 19, 2021. *See* Ex. B.

2. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the state court case file is attached to this Notice of Removal and is incorporated by reference herein. The file includes all process, pleadings, and orders filed in this case, including the Summons and Complaint (Ex. A), and all other documents filed in the state court (Ex. C).

3. Plaintiff alleges that MDLZ's Sour Patch Kids boxes contain non-functional slack-fill and that consumers are deceived into receiving less candy than what is represented by the size of the box. *See* Ex. A ("Compl.") ¶¶ 25–34.

4. Based on those allegations, Plaintiff alleges causes of action against MDLZ for (1) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL"); (2) violation of California's False Advertising Law, Cal. Bus. & Prof.

Code § 17500 *et seq.* ("FAL"); (3) violation of California's Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.* ("CLRA"); (4) restitution based on quasi-contract/unjust enrichment; (5) common-law fraud; (6) intentional misrepresentation; and (7) negligent misrepresentation. *See* Compl. ¶¶ 74–172.

5.  Plaintiff seeks compensatory damages, statutory damages, restitutionary damages, injunctive relief, and attorneys' fees on behalf of herself and a class of all persons who purchased MDLZ's Sour Patch Kids in the United States (or, alternatively, California) since August 5, 2017. *See* Compl. ¶¶ 4, 61, 126, Prayer for Relief.

## REMOVAL IS PROPER UNDER 28 U.S.C. § 1332(d)

6.  CAFA provides that federal courts have original jurisdiction over class actions in which (a) any plaintiff is diverse from any defendant, (b) there are at least 100 members in the putative class, and (c) the amount in controversy exceeds $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d). Under 28 U.S.C. § 1441(a), any such action may be removed to the district court for the district and division embracing the place where the action is pending.

7.  Under CAFA, there is no presumption against removal to federal court. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). Unless a plaintiff challenges removal, an assessment of the amount in controversy is based solely on the allegations of the complaint, rather than "evidentiary submissions." *Id.* at 84*; see also Henry v. Cent. Freight Lines, Inc.*, 692 F. App'x 806, 807 (9th Cir. 2017) (noting in a case removed under CAFA that a court must rely on "the allegations contained in the complaint" in determining the amount in controversy).

8.  In other words, a defendant need not offer evidence to substantiate the amount in controversy; rather, a "notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89. "Evidence establishing the amount is required . . . only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.*; *see also Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020) (applying *Dart Cherokee* standard to removal under

CAFA); *LaCross v. Knight Transp., Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015) (holding that a "preponderance of the evidence" standard applies only after "a defendant's assertion of the amount in controversy is challenged") (citations and internal quotation marks omitted).

**Plaintiff Has Alleged That the Proposed Class Is Sufficiently Numerous**

9. Plaintiff purports to bring this action on behalf of "[a]ll persons who purchased the Product[s] in the United States or, alternatively, the State of California, for personal use and not for resale during the time period of four years prior to the filing of the complaint through the present." Compl. ¶ 61. According to the complaint, the putative class contains "many thousands of persons." *Id.* ¶ 64.

10. Although MDLZ does not concede the truth of Plaintiff's allegations, those allegations establish that the proposed class satisfies CAFA's numerosity requirement. *See* 28 U.S.C. § 1332(d)(5)(B).

**The Parties Are Minimally Diverse**

11. CAFA's minimal diversity standard is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A); *Bridewell-Sledge v. Blue Cross of California*, 798 F.3d 923, 928 (9th Cir. 2015) ("[U]nder CAFA, complete diversity is not required; 'minimal diversity' suffices.") (citation omitted).

12. Plaintiff resides in Colton, California and is a citizen of California. Compl. ¶ 13.

13. Defendant Mondelēz International, Inc. is incorporated in Virginia and maintains its principal place of business in Chicago, Illinois. Compl. ¶ 14. Accordingly, it is a citizen of Virginia and Illinois. *See* 28 U.S.C. § 1332(c)(1) (providing that a corporation is a "citizen of any State by which it has been incorporated and of the State where it has its principal place of business").

14. Defendant Mondelēz Global LLC is incorporated in Delaware and maintains its principal place of business in East Hanover, New Jersey.[1] It is wholly owned by

---

[1] Plaintiff incorrectly alleges that Mondelēz Global LLC maintains its principal place of business in Chicago, Illinois. Compl. ¶ 15.

Mondelēz International, Inc.  Accordingly, it is a citizen not only of Delaware and New Jersey, but also of Virginia and Illinois.  *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n LLC is a citizen of every state of which its owners/members are citizens."); *Jack v. Ring LLC*, No. 21-544, --- F. Supp. 3d ----, 2021 WL 3510291, at *3 (N.D. Cal. Aug. 10, 2021) (finding that citizenship of LLC for purposes of CAFA is determined by state of incorporation and principal place of business).

15.   The minimal diversity requirement is satisfied here because Plaintiff and Defendants are citizens of different states.  *See Aguilar v. Courtyard Mgmt. Corp.*, No. 13-07181, 2014 WL 12597037, at *2 (C.D. Cal. Jan. 13, 2014) (finding CAFA minimal diversity requirement was satisfied where named plaintiff was "a citizen of California—a different state than at least one defendant").

16.   Because Defendants are not citizens of California, neither the "local controversy" nor the "home state" exception to CAFA applies.  *See* 28 U.S.C. § 1332(d)(3)–(4).

**There Is at Least $5,000,000 in Controversy**

17.   "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008).  The court must then "add[] up the value of the claim of each person who falls within the definition of [the] proposed class." *Std. Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013).

18.   To satisfy the amount-in-controversy requirement, a defendant must establish only that "the potential damages could exceed the jurisdictional amount." *Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1239 (9th Cir. 2014) (quoting *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 397 (9th Cir. 2010)).  "The amount in controversy is not a prospective assessment of [a] defendant's liability"; instead, "it is the amount at stake in the underlying litigation." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) (citations and internal quotation marks omitted).  "To meet CAFA's amount-in-controversy

requirement, a defendant needs to plausibly show that it is *reasonably possible* that the potential liability exceeds $5 million." *Greene*, 965 F.3d at 772 (emphasis added).

19. In other words, "[t]he ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Korn*, 536 F. Supp. 2d at 1205; *see also, e.g.*, *Greene*, 965 F.3d at 772 ("[T]he amount in controversy is the 'amount *at stake* in the underlying litigation.' 'Amount at stake' does not mean likely or probable liability; rather it refers to *possible* liability.") (quoting *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016)) (second emphasis added); *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) ("It's not a question as to what you would owe. It's a question as to what is in controversy.") (citation omitted). For that reason, the Ninth Circuit has made clear that a court cannot "delve into the merits" or conduct "a fact-based analysis of the merits" in assessing the amount in controversy. *Greene*, 965 F.3d at 774.

20. Without conceding any merit to Plaintiff's allegations, causes of action, claims for damages, restitution, attorneys' fees, and injunctive relief, the amount placed in controversy by Plaintiff's complaint satisfies CAFA's jurisdictional threshold.

21. The complaint alleges unlawful and deceptive conduct with respect to the sales of MDLZ's Sour Patch Kids to "[a]ll persons who purchased the Product[s] in the United States or, alternatively, the State of California"—amounting to "many thousands of persons"—"during the time period of four years prior to the filing of the complaint through the present." Compl. ¶¶ 61, 64. MDLZ's sales data reflect that nationwide retail sales of Sour Patch Kids during the putative class period substantially exceed $5 million.

22. Because restitution is available under the UCL, FAL, and CLRA, and compensatory damages are also available in connection with Plaintiff's CLRA and common-law fraud claims, it is "reasonably possible" that Plaintiff's allegations, taken as true solely for purposes of the instant analysis, place more than $5 million in retail sales of MDLZ's Sour Patch Kids in controversy. *See Greene*, 965 F.3d at 772.

23. Plaintiff also seeks to recover attorneys' fees. *See* Compl. ¶ 126, Prayer for

Relief (D). For purposes of assessing the amount in controversy, the Court is not limited to considering fees incurred at the time of removal; rather, "a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018) (holding that the amount in controversy includes fees potentially incurred after removal); *see Bayol v. Zipcar, Inc.*, No. 14-2483, 2015 WL 4931756, at *7 (N.D. Cal. Aug. 18, 2015) ("The amount in controversy can include . . . attorneys' fees[.]").

24.     Fee requests in consumer class actions, such as this case, are typically significant. *See, e.g.*, *Wilson v. Airborne, Inc.*, No. 07-770, 2008 WL 3854963, at *12 (C.D. Cal. Aug. 13, 2008) (awarding $3,459,946 in attorneys' fees in deceptive advertising class action); *Chavez v. Netflix, Inc.*, 162 Cal. App. 4th 43, 46 (2008) (affirming trial court's award of attorneys' fees of $2.04 million as part of the settlement of consumer class action); *In re Sony SXRD Rear Projection Television Class Action Litig.*, No. 06-5173, 2008 WL 1956267, at *16 (S.D.N.Y. May 1, 2008) (approving negotiated award to class counsel of $1.6 million in attorneys' fees and expenses in breach-of-warranty class action).

25.     Additionally, Plaintiff seeks several forms of injunctive relief, including orders (1) "enjoining Defendants from continuing to engage, use, or employ their practice of under-filling the Products' boxes," (2) "enjoining Defendants from continuing to label, package, and/or advertise the Products as challenged herein," and (3) "requiring Defendants to disclose such misrepresentations." *See* Compl. ¶ 126, Prayer for Relief (A).

26.     "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (quoting *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977)); *see also Rose v. J.P. Morgan Chase, N.A.*, No. 12-225, 2012 WL 892282, at *2–3 (E.D. Cal. Mar. 14, 2012) (denying motion to remand where value of injunctive relief sought exceeded the amount in controversy). The amount in controversy therefore includes "the cost [to MDLZ] of complying with [Plaintiff's] requested injunctive relief"—*i.e.*, a corrective advertising campaign and changes to the Sour

Patch Kids packaging and manufacturing process to remove the alleged slack-fill going forward. *Gen. Dentistry for Kids, LLC v. Kool Smiles, P.C.*, 379 F. App'x 634, 635 (9th Cir. 2010); *Fritsch*, 899 F.3d at 793 (noting that "the costs of complying with an injunction" are included in determining whether CAFA's amount in controversy requirement is met). These costs would be substantial. In fact, it is entirely possible that the cost of a corrective advertising campaign alone could come close to $5 million. *See, e.g.*, *Fefferman v. Dr. Pepper Snapple Grp., Inc.*, No. 13-160, 2013 WL 12114486, at *3 (S.D. Cal. Mar. 12, 2013) (noting that, "[i]n total, the corrective advertisement campaign would cost Defendants approximately $4,985,000").

27. Therefore, when aggregated, Plaintiff's request for compensatory damages, restitution, and attorneys' fees, combined with the costs of Plaintiff's requested injunctive relief, readily exceed CAFA's $5 million threshold.

## REMOVAL IS ALSO PROPER UNDER 28 U.S.C. § 1332(a)

28. District courts have original jurisdiction over civil actions in which (1) there is complete diversity of citizenship, and (2) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

### The Parties Are Completely Diverse

29. As set forth above, the parties are completely diverse, as Plaintiff is a citizen of California and Defendants are not citizens of California. *See supra* ¶¶ 12-14.

### There Is at Least $75,000 in Controversy

30. Putting aside Plaintiff's request for compensatory damages, statutory damages, restitution, and attorneys' fees, the cost of injunctive relief in itself satisfies the $75,000 amount-in-controversy.

31. The Ninth Circuit uses the "either viewpoint" rule to calculate the amount in controversy in cases seeking injunctive relief. *In re Ford Motor Co./Citibank (S. Dakota), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001). Under that rule, "the test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce." *Id.* (citation omitted). Thus, even if "the value of a plaintiff's potential

recovery . . . is below the jurisdictional amount, but the potential cost to the defendant of complying with the injunction exceeds that amount, it is the latter that represents the amount in controversy for jurisdictional purposes." *Id.*

32.  As discussed above, Plaintiff seeks injunctive relief that would require MDLZ to engage in a corrective advertising campaign and make changes to the processes used to manufacture, fill, and package Sour Patch Kids. *See supra* ¶¶ 25-26. That amount could conceivably exceed $75,000, which is sufficient to satisfy the amount-in-controversy requirement.

## VENUE IS PROPER

33.  Venue is proper in this Court because Plaintiff filed her complaint in San Bernardino County Superior Court, which is located in this District. *See* 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."); 28 U.S.C. § 84(c)(1) (providing that the San Bernardino County is part of the Eastern Division of the Central District of California).

34.  Under 28 U.S.C. § 1446(b), a notice of removal of a civil action must be filed within thirty days of service of the summons and complaint. Service was complete when MDLZ executed the Acknowledgment of Receipt on October 19, 2021. *See* Ex. B; *Chissie v. Winco Foods, LLC*, No. 09-2915, 2010 WL 580987, at *2 (E.D. Cal. Feb. 12, 2010) (treating the date on which the Notice and Acknowledgment of Receipt form was signed as the date of service); *Thomas v. Facebook, Inc.*, No. 18-856, 2018 WL 3915585, at *3 (E.D. Cal. Aug. 15, 2018) (similar). This Notice of Removal is therefore timely.

## OTHER REQUIREMENTS FOR REMOVAL ARE MET

35.  No attorneys for MDLZ have entered an appearance, or filed any pleadings or other papers responding to the complaint in the Superior Court.

36.  28 U.S.C. § 1446 requires a defendant to remove an action from state court

within thirty days of service.  Here, Plaintiff provided a copy of the Summons and Complaint to MDLZ along with the Notice and Acknowledgment of Receipt form on September 29, 2021, and MDLZ executed the Notice and Acknowledgment of Receipt form on October 19, 2021.  MDLZ filed its Notice of Removal less than 30 days after receiving the Notice and Acknowledgment Form and less than 10 days after acknowledging receipt, which renders this Notice of Removal timely.

37. Pursuant to 28 U.S.C. § 1446(d), MDLZ will promptly give written notice of the filing of this Notice of Removal to Plaintiff and will promptly file a written notice, along with a copy of this Notice of Removal, with the Clerk of the San Bernardino Superior Court and serve it on all parties.  *See* Ex. D (Notice to State Court).

## CONCLUSION

WHEREFORE, MDLZ gives notice of removal of this action from the Superior Court of California, San Bernardino County to the United States District Court for the Central District of California, Eastern Division.

DATED: Oct. 28, 2021          JENNER & BLOCK LLP

By:     /s/   Kate T. Spelman
         Kate T. Spelman

Attorneys for Defendants
Mondelēz International, Inc. and Mondelēz Global LLC