# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

AUG 2 7 2021

BY _____
PAULETTE RODRIGUEZ, DEPUTY

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MONDELEZ INTERNATIONAL, INC., a Virginia Corporation; MONDELEZ GLOBAL LLC, a Delaware Limited Liability Company; and DOES 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ELSA MERIDA, individually and on behalf of all others similarly situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*  San Bernardino Civil Division
247 W. Third Street
San Bernardino, CA 92415-0210

CASE NUMBER: *(Número del Caso):*
**CIV SB  2 1 2 2 6 2 4**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ryan J. Clarkson (SBN 257074) Zach Chrzan (SBN 329159); 22525 Pacific Coast Highway, Malibu, CA 90265, (213) 788-4050

| DATE: *(Fecha)* | AUG 2 7 2021 | Clerk, by **Paulette Rodriguez** *(Secretario)* | , Deputy *(Adjunto)* |
| --- | --- | --- | --- |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*



**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):*

under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☐ by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

**CLARKSON LAW FIRM, P.C.**
Ryan J. Clarkson (SBN 257074)
rclarkson@clarksonlawfirm.com
Zachary T. Chrzan (SBN 329159)
zchrzan@clarksonlawfirm.com
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050
Fax: (213) 788-4070

*Attorneys for Plaintiff*

COPY

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

AUG 0 5 2021

BY _____
PAULETTE RODRIGUEZ, DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN BERNARDINO

CIV SB  2 1 2 2 6 2 4

ELSA MERIDA, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

MONDELEZ INTERNATIONAL, INC., a Virginia Corporation; MONDELEZ GLOBAL LLC, a Delaware Limited Liability Company; and DOES 1 through 10, inclusive,

Defendants.

Case No.

**CLASS ACTION COMPLAINT**

1. VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW, BUSINESS AND PROFESSIONS CODE § 17200, *et seq.*
2. FALSE AND MISLEADING ADVERTISING IN VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17500, *et seq.*
3. VIOLATION OF CALIFORNIA CONSUMERS LEGAL REMEDIES ACT, CIVIL CODE § 1750, *et. seq.*
4. UNJUST ENRICHMENT
5. COMMON LAW FRAUD
6. INTENTIONAL MISREPRESENTATION
7. NEGLIGENT MISREPRESENTATION

**DEMAND FOR JURY TRIAL**

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

CLASS ACTION COMPLAINT

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

1

### **INTRODUCTION**

2      1.      Defendants manufacture one of the most popular theater box candy products in the

3   world. To increase profits at the expense of consumers and fair competition, Defendants

4   deceptively sell all flavors, varieties, and sizes of Sour Patch Kids sold in opaque containers (the

5   "Products") in oversized boxes that do not reasonably inform consumers that they are more than

6   half empty. Defendants' "slack-fill" scam dupes unsuspecting consumers across America to pay

7   premium prices for empty space. The opaque box measures to a vertical height of approximately

8   15.4 cm, while the product inside only measures to a vertical height of approximately 8.2 cm.

9   Below is a true and correct image of the Product, evidencing the deception. The red line

10  represents the actual fill line, below which is product, and above which is nonfunctional empty

11  space.



1

CLASS ACTION COMPLAINT

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

2.      While other similar lawsuits against Defendants' competitors have all but curbed this unfair business practice, Defendants remain one of the last holdouts, ignoring the industry trend towards transparency in the hopes of obtaining an unfair competitive advantage in the marketplace. This class action aims to remedy Defendants' unfair business practice by forcing it to follow the industry trend toward greater transparency and eliminating consumer deception.

3.      Defendants market the Products in a systematically misleading manner by representing them as adequately filled when, in fact, they contain an unlawful amount of empty space or "slack-fill." Defendants underfill the Products for no lawful reason. The front of the Products' packaging does not include any information that would reasonably apprise Plaintiff of the quantity of candy relative to the size of the box, such as (1) a fill line; or (2) an actual size depiction accompanied by the words "actual size" and numerical piece count. Defendants do this to save money (by not filling the boxes) and to deceive consumers into purchasing the Products over their competitors' products. Defendants' slack-fill scheme not only harms consumers, it also harms Defendants' competitors who have implemented labeling changes designed to alert consumers to the true amount of product in each box. Accordingly, Defendants have violated the California Consumers Legal Remedies Act, particularly California Civil Code sections 1770(a)(2), 1770(a)(4), 1770(a)(5), 1770(a)(9), and 1770(a)(16). As such, Defendants have committed *per se* violations of Business & Professions Code section 17200, *et seq*. and Business & Professions Code section 17500, *et seq*. and Civil Code section 1750, *et seq*.

4.      Plaintiff and consumers have accordingly suffered injury in fact caused by the false, fraudulent, unfair, deceptive, unlawful, and misleading practices set forth herein, and seek injunctive relief, as well as, *inter alia*, compensatory damages, statutory damages, restitutionary damages, and attorneys' fees.

## **DEFENDANTS' COMPETITORS HAVE REMEDIED SLACK-FILL VIOLATIONS, BUT DEFENDANTS THUS FAR HAVE REFUSED**

5.      Defendants' major competitors have modified their labeling, and/or packaging, and/or manufacturing processes to dispel consumer deception and confusion.

2
CLASS ACTION COMPLAINT

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

6.      Tootsie Roll Industries, Inc. modified its labeling of Junior Mints® and Sugar Babies® to dispel consumer deception and confusion by adding to the front label an actual size depiction, accompanied by the words "actual size" and a piece count.

7.      Taste of Nature, Inc. modified its labeling and manufacturing processes of Cookie Dough Bites®, Chocolate Chip Cookie Dough Bites®, Fudge Brownie Cookie Dough Bites®, Santa's Village Chocolate Chip Cookie Dough Bites®, Cookies N' Cream Cookie Dough Bites®, Cinnamon Bun Bites®, Red Velvet Cupcake Bites®, Moon Pie Bites®, Strawberry Dream Bites®, Birthday Cake Cookie Dough Bites®, Peanut Butter Cookie Dough Bites®, Muddy Bears®, Shari Candies Cherry Sour Balls®, Despicable Me 2 Sour Gummies®, Sqwigglies®, and Hello Kitty Treats® to dispel consumer deception and confusion by agreeing to include an actual size depiction, accompanied by the words "actual size," and/or increase its fill levels.

8.      Just Born, Inc. modified its labeling of Hot Tamales® and Mike and Ike® to dispel consumer deception and confusion by agreeing to add a fill level line and/or an actual size depiction to help dispel consumer deception and confusion.

9.      Ferrara Candy Company, agreed to modify its manufacturing processes of Jujyfruits®, Jujubes®, Now & Later®, Lemonhead®, Applehead®, Cherryhead®, Grapehead®, RedHots®, Trolli®, Chuckles®, Black Forest®, Jawbuster®, Jawbreaker®, Brach's®, Boston Baked Beans®, Super Bubble®, Rainblo®, and Atomic Fireball to dispel consumer deception and confusion by increasing the fill levels of those products.

10.     Ferrara Candy Co. and Ferrero U.S.A., Inc. agreed to modify the labeling of Raisinets®, Buncha Crunch®, Butterfinger Bites®, Rainbow Nerds®, SweeTarts®, Spree®, Runts®, Gobstopper®, Sno-Caps®, and Nestlé Toll House® Candy Shop Semi-Sweet Chocolate Morsels in a manner that dispels consumer deception and confusion.

11.     Rather than following the industry trend and ceasing the false, fraudulent, unfair, deceptive, unlawful, and misleading business practice alleged herein, Defendants continue to prioritize their own bottom line over consumer protection and deceive consumers as to the amount of candy contained in the Products.

///

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

## COURTS AROUND THE COUNTRY FIND SLACK-FILL VIOLATIONS MERITORIOUS AND APPROPRIATE FOR CLASS TREATMENT

12.     Several state and federal courts have found that cases involving nearly identical claims are meritorious and appropriate for class treatment. *See Coleman v. Mondelez Int'l, Inc.*, Case No. 2:20-cv-08100-FMO-AFM (C.D. Cal.) (Defendant's FRCP 12(b)(6) motion to dismiss slack-filled Swedish Fish® candy box claims denied); *Maisel v. Tootsie Roll Indus., LLC*, Case No. 20-cv-05204-SK (N.D. Cal.) (defendant's FRCP 12(b)(6) motion to dismiss slack-filled Junior Mints® and Sugar Babies® candy box claims denied); *Merry, et al. v. International Coffee & Tea, LLC dba The Coffee Bean*, Case No. CIVDS1920749 (San Bernardino Superior Court) (defendant's demurrer to slack-filled powder filled container claims overruled); *Iglesias v. Ferrara Candy Co.*, Case No. 3:17-cv-00849-VC (N.D. Cal.) (defendant's FRCP 12(b)(6) motion to dismiss slack-filled Jujyfruits® and Lemonhead® candy box claims denied and nationwide settlement class certified); *Tsuchiyama v. Taste of Nature, Inc.*, Case No. BC651252 (L.A.S.C.) (defendant's motion for judgment on the pleadings involving slack-filled Cookie Dough Bites® candy box claims denied and nationwide settlement subsequently certified through Missouri court); *Gordon v. Tootsie Roll Industries, Inc.*, Case No. 2:17-cv-02664-DSF-MRW (C.D. Cal.) (defendant's FRCP 12(b)(6) motion to dismiss slack-filled Junior Mints® and Sugar Babies® candy box claims denied); *Escobar v. Just Born, Inc.*, Case No. 2:17-cv-01826-BRO-PJW (C.D. Cal.) (defendant's FRCP 12(b)(6) motion to dismiss slack-filled Mike N' Ike® and Hot Tamales® candy box claims denied and California class action certified); and *Thomas v. Nestle USA, Inc.*, Cal. Sup. Case No. BC649863 (April 29, 2020) (certifying as a class action slack-fill claims brought under California consumer protection laws).

## PARTIES

13.     Plaintiff Elsa Merida is an individual residing in Colton, California. Plaintiff purchased the Product in 2021 at a Rite Aid store in Colton. In making her purchase, Plaintiff relied upon the opaque packaging, including the size of the box and product label, which was prepared and approved by Defendants and their agents and disseminated statewide and nationwide, as well as designed to encourage consumers like Plaintiff to purchase the Product.

4

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

Plaintiff understood the size of the box and product label to indicate the amount of candy contained therein was commensurate with the size of the box, and she would not have purchased the Product, or would not have paid a price premium for the Product, had she known that the size of the boxes and product labels were false and misleading. If the Products' packaging and labels were not misleading, then Plaintiff would purchase the Product in the future.

14.     Defendant Mondelez International Inc. ("International") is a Virginia corporation headquartered in Illinois. International maintains its principal place of business at 905 West Fulton Market, Suite 200, Chicago, Illinois 60607. International directly and through their agents, has substantial contacts with and receives substantial benefits and income from and through the State of California. International is the owner, manufacturer, distributor, advertiser, and seller of the Products, and is the company that created and/or authorized the false, misleading, and deceptive advertisements and/or packaging and labeling for the Products.

15.     Defendant Mondelez Global LLC ("Global") is a Delaware limited liability company headquartered in Illinois. Global maintains its principal place of business at 905 West Fulton Market, Suite 200, Chicago, Illinois 60607. Global, directly and through its agents, has substantial contacts with and receives substantial benefits and income from and through the State of California. Global is the owner, manufacturer, distributor, advertiser, and seller of the Products, and is the company that created and/or authorized the false, misleading, and deceptive advertisements and/or packaging and labeling for the Products.

16.     In committing the wrongful acts alleged herein, Defendants planned and participated in and furthered a common scheme by means of false, misleading, deceptive, and fraudulent representations to induce members of the public to purchase the Products. Defendants participated in the making of such representations in that they did disseminate or cause to be disseminated said misrepresentations.

17.     Defendants, upon becoming involved with the manufacture, advertising, and sale of the Products, knew or should have known that the advertising of the Products' boxes, specifically by representing that they were full, was false, deceptive, and misleading. Defendants affirmatively misrepresented the amount of candy product contained in the Products' boxes in

5

order to convince the public and consumers of the Products to purchase the Products, resulting in profits of millions of dollars or more to Defendants, all to the damage and detriment of the consuming public.

18.     Defendants have created and still perpetuate a falsehood that their candy boxes contain an amount of candy commensurate with the size of the box, though they actually contain nonfunctional, unlawful slack-fill. As a result, Defendants' consistent and uniform advertising claims about the Products are false, misleading, and/or likely to deceive in violation of California and federal advertising laws.

19.     The true names and capacities, whether individual, corporate, associate, or otherwise of certain manufacturers, distributors, and/or their alter egos sued herein as DOES 1 through 10 inclusive are presently unknown to Plaintiff who therefore sues these individuals and/or entities by fictitious names. Plaintiff will seek leave of this Court to amend the Complaint to show their true names and capacities when the same have been ascertained. Plaintiff is informed and believes and based thereon alleges that DOES 1 through 10 were authorized to do and did business in Los Angeles County. Plaintiff is further informed and believes and based thereon alleges that DOES 1 through 10 were and/or are, in some manner or way, responsible for and liable to Plaintiff for the events, happenings, and unlawful and deceptive conduct hereinafter set forth below.

## JURISDICTION AND VENUE

20.     This Court has jurisdiction over all causes of action asserted herein pursuant to the California Constitution, Article VI, section 10, because this case is a cause not given by statute to other trial courts.

21.     Plaintiff has standing to bring this action pursuant to Business & Professions Code Section 17200, et seq.

22.     Out-of-state participants can be brought before this Court pursuant to the provisions of Code of Civil Procedure Section 395.5.

23.     Defendants are subject to personal jurisdiction in California based upon sufficient minimum contacts which exist between Defendants and California.

24.     Venue is proper in this Court because Defendants conduct business in San Bernardino County, Defendants receive substantial compensation from sales in San Bernardino County, and Defendants made numerous misrepresentations that had a substantial effect in San Bernardino County, including, but not limited to, the Product's packaging and labeling. Moreover, Plaintiff purchased the Product in San Bernardino County.

## FACTUAL BACKGROUND

25.     The amount of product inside any product packaging is material to any consumer seeking to purchase that product. The average consumer spends only 13 seconds deciding whether to make an in-store purchase,[1] which decision is heavily dependent on a product's packaging, including the package dimensions. Research has demonstrated that packages that seem larger are more likely to be purchased.[2]

26.     Accordingly, Defendants chose certain sized boxes for their Products to convey to consumers that they are receiving an amount of candy commensurate with the size of each box. Such representations constitute an express warranty regarding the quantity of the Products' content.

27.     Slack-fill is the difference between the actual capacity of a container and the volume of product contained therein. Nonfunctional slack-fill is the empty space in a package that is filled to less than its capacity for illegitimate or unlawful reasons.

28.     Defendants falsely represent the quantity of candy in each of the Products' opaque boxes through the packaging. The size of each box leads the reasonable consumer to believe he or she is purchasing a box full of candy product when, in reality, what he or she actually receives is about 47% less than what is represented by the size of the box.

29.     Even if Plaintiff and other reasonable consumers of the Products had a reasonable opportunity to review, prior to the point of sale, other representations of quantity, such as net weight or serving disclosures, they did not and would not have reasonably understood or expected

---

[1] Randall Beard, *Make the Most of Your Brand's 20-Second Window*, NIELSEN, Jan. 13, 2015, https://www.nielsen.com/us/en/insights/article/2015/make-the-most-of-your-brands-20-second-window./.
[2] P. Raghubir & A. Krishna, *Vital Dimensions in Volume Perception: Can the Eye Fool the Stomach?*, 36 J. MARKETING RESEARCH 313-326 (1999).

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

such representations to translate to a quantity of candy product meaningfully different from their expectation of a quantity of candy product commensurate with the size of the box.

30.     Prior to the point of sale, the Products' packaging does not allow for a visual or audial confirmation of the contents of the Products. The Products' opaque packaging prevents a consumer from observing the contents before opening. Even if a reasonable consumer were to "shake" the Products before opening the box, the reasonable consumer would not be able to discern the presence of any nonfunctional slack fill, let alone the 47% nonfunctional slack-fill that is present in the Products.

31.     The other information that Defendants provide about the quantity of candy product on the front and back labels of the Products does not enable reasonable consumers to form any meaningful understanding about how to gauge the quantity of contents of the Products as compared to the size of each box itself. For instance, the front of the Products' packaging does not have any labels that would provide Plaintiff with any meaningful insight as to the amount of candy to be expected, such as a fill line or an actual size depiction accompanied by the words "actual size" and a numerical piece count.

32.     Disclosures of net weight and serving sizes in ounces or grams do not allow the reasonable consumer to make any meaningful conclusions about the quantity of candy contained in the Products' boxes that would be different from the reasonable consumer's expectation that the quantity of candy product is commensurate with the size of the box.

33.     The net weight and serving size disclosures do not allow Plaintiff to make – and Plaintiff did not make – any meaningful conclusions about the quantity of candy product contained in the Products' box that was different than Plaintiff's expectations that the quantity of candy product would be commensurate with the size of the box.

34.     Plaintiff would not have purchased the Products had she known that the Products contained slack-fill that serves no functional or lawful purpose.

**None of the Slack-Fill Statutory Exceptions Apply to the Products**

35.     Pursuant to 21 C.F.R. § 100.100, "a food shall be deemed to be misbranded if its container is so made, formed, or filled as to be misleading." Opaque containers "shall be

8

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

considered to be filled as to be misleading if it contains nonfunctional slack-fill." *Id.*

Nonfunctional slack-fill is empty space within packaging that is filled to less than its capacity for reasons other than provided for in the six enumerated slack fill exceptions.

**A.    Cal. Bus. & Prof. Code § 12606.2(c)(1) – Protection of the Contents**

36.    The slack-fill contained in the Products' packaging does not protect the contents of the package. In fact, the greater the amount of slack-fill, the more room the contents have to bounce around during shipping and handling, making it more likely that the contents will break or sustain damage. As such, the slack-fill present in the Products' packaging makes the candy product more, not less susceptible to damage.

37.    There is no risk that the candies would stick together if Defendants increased the fill level of the boxes. The candies are packed closely together in a small bag within the boxes. Defendants could easily increase the Products' fill-level because the individual candies are already tightly packed together within these bags. The candy is also coated in sugar, decreasing the likelihood that the candies will stick together.

**B.    Cal. Bus. & Prof. Code § 12606.2(c)(2) – Requirements of the Machines**

38.    The machines used to package the Products would not be affected if there was more candy added. At most, a simple recalibration of the machines would be required. Upon information and belief, adjusting these machines is rather simple.

39.    Because the packages are only filled to 53% of their capacity, Defendants can increase the Products' fill level significantly without affecting how the boxes are sealed, or they can disclose the fill-level on the outside labeling to inform consumers of the amount of candy actually in the box, consistent with the law.

**C.    Cal. Bus. & Prof. Code § 12606.2(c)(3) – Settling During Shipping and Handling**

40.    The slack-fill present in the Products' containers is not a result of the candy product settling during shipping and handling. Given the Products' density, shape, and composition, any settling occurs immediately at the point of fill. No measurable product settling occurs during subsequent shipping and handling.

41.     The contents of the Products are of a great enough density that any slack-fill present at the point of sale was present at the time of filling the containers and packaging the contents.

42.     The candies are packed closely together in a small bag within the boxes. As such, there is no likelihood that the candy will undergo settling based on how each individual candy lands in the packages.

**D.      Cal. Bus. & Prof. Code § 12606.2(c)(4) – Specific Function of Package**

43.     The packages do not perform a specific function that necessitates the slack-fill. This safe harbor only applies if a specific function is "inherent to the nature of the food and is clearly communicated to consumers." The packages do not perform a function that is inherent to the nature of the food. The packages are not always sold upright; the packages are often sold laying on their side. Further, Defendants did not communicate this specific function to consumers, making this provision inapplicable.

**E.      Cal. Bus. & Prof. Code § 12606.2(c)(5) – Reusable Container**

44.     The Products' packaging is not reusable or of any significant value to the Products independent of its function to hold the candy product. The Products' containers are paperboard boxes, intended to be discarded immediately after the candy is eaten.

**F.      Cal. Bus. & Prof. Code § 12606.2(c)(6) – Inability to Increase Fill or Decrease Box Size**

45.     The slack-fill present in the Products' containers does not accommodate required labeling, discourage pilfering, facilitate handling, or prevent tampering.

46.     Defendants can easily increase the quantity of candy product contained in each box (or, alternatively, decrease the size of the containers) by approximately 47% more volume.

47.     Because none of the safe harbor provisions apply to the Products' packaging, the packages contain nonfunctional slack-fill in violation of Cal. Bus. & Prof. Code § 12606.2 and are, therefore, filled as to be misleading. Plaintiff shall proffer expert testimony to establish these facts once this case reaches the merits more definitively.

**<u>Comparator Products Serve as Additional Evidence of Nonfunctional Slack-Fill</u>**

48.     Contrast Defendants' packaging of the Products with a comparator product, such as "Boston Baked Beans" ("Boston Beans"), a candy product manufactured by Ferrara Candy

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

Company, and similarly sold at movie theaters and retail outlets located throughout the United States. A true and correct representation of the front of the Boston Beans product is shown in the image below.



49.     Boston Beans are sold in identical packaging to that of the Products, i.e., opaque boxes of identical size, shape, volume, and material. Boston Beans are packaged using nearly identical fill and heated glue enclosing machines to those of the Products.

50.     Boston Beans are coated candies of similar size, shape, and density of that of the Products. However, contrary to the Products, Boston Beans have very little slack-fill and negligible nonfunctional slack-fill. A true and correct representation of the open container of Boston Beans is pictured in the image below.



51.     Boston Beans' packaging provides additional evidence that the slack-fill present in the Products' packaging is nonfunctional to the tune of 47%.

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

52.     Boston Beans' packaging provides additional evidence that the slack-fill in the Products is not necessary to protect and, in fact, does not protect, the contents of the Products; is not a requirement of the machines used for enclosing the contents of the Products; is not a result of unavoidable product settling during shipping and handling; is not needed to perform a specific function; and is not part of a legitimate reusable container.

53.     Boston Beans' packaging provides additional evidence that Defendants are able to increase the level of fill inside the Products' boxes.

54.     Boston Beans' packaging provides more evidence that Defendants have reasonable alternative designs available to it in the packaging of the Products.

55.     Plaintiff did not expect that the Products would contain nonfunctional slack-fill, especially given that nonfunctional slack-fill, as opposed to functional slack-fill, is prohibited by federal law and California law.

56.     The Products are made, formed, and filled so as to be misleading. The Products are, therefore, misbranded.

57.     The slack-fill contained in the Products does not serve a legitimate or lawful purpose.

58.     Defendants' false, deceptive, and misleading packaging and label statements are unlawful under state and federal consumer protection and packaging laws.

59.     Defendants intended for Plaintiff and the Class members to be misled.

60.     Defendants' misleading and deceptive practices proximately caused harm to Plaintiff and the Class.

## CLASS ACTION ALLEGATIONS

61.     Plaintiff brings this action on her own behalf and on behalf of all other persons similarly situated. The Class which Plaintiff seeks to represent comprises:

> "All persons who purchased the Product[s] in the United States or, alternatively, the State of California, for personal use and not for resale during the time period of four years prior to the filing of the complaint through the present."

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

Said definition may be further defined or amended by additional pleadings, evidentiary hearings, a class certification hearing, and orders of this Court.

62.     On March 25, 2019, the United States District Court for the Central District of California certified a class action against another of Defendants' competitors involving nearly identical claims and products under Federal Rule of Civil Procedure 23. *See Escobar v. Just Born, Inc.*, Case No. 2:17-cv-01826-BRO-PJW (C.D. Cal. Mar. 25, 2019).

63.     On April 29, 2020, a California State Court certified a class action against Defendants' competitor for nearly identical claims involving similar products under California law. *See Thomas v. Nestle USA, Inc.*, Los Angeles Superior Court Case No. BC 649863 (Apr. 29, 2020).

64.     The Class is comprised of many thousands of persons. The Class is so numerous that joinder of all members is impracticable and the disposition of their claims in a class action will benefit the parties and the Court.

65.     There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented in that the Class was exposed to the same common and uniform false and misleading advertising and omissions. The questions of law and fact common to the Class predominate over questions which may affect individual Class members. Common questions of law and fact include, but are not limited to, the following:

    a.  The true nature and amount of product contained in each Products' packaging;

    b.  Whether the marketing, advertising, packaging, labeling, and other promotional materials for the Products are deceptive;

    c.  Whether Defendants misrepresented the approval of the FDA, United States Congress, and California Legislature that the Products' packaging complied with federal and California slack-fill regulations and statutes;

    d.  Whether the Products contain nonfunctional slack-fill in violation of California Business and Professions Code Section 12606.2, *et seq.*;

    e.  Whether the Products contain nonfunctional slack-fill in violation of 21 C.F.R. Section 100.100, *et seq.*;

13

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

f.   Whether Defendants' conduct is an unlawful business act or practice within the meaning of Business and Professions Code section 17200, *et seq.*;

g.   Whether Defendants' conduct is a fraudulent business act or practice within the meaning of Business and Professions Code section 17200, *et seq.*;

h.   Whether Defendants' conduct is an unfair business act or practice within the meaning of Business and Professions Code section 17200, *et seq.*;

i.   Whether Defendants' advertising is untrue or misleading within the meaning of Business and Professions Code section 17500, *et seq.*;

j.   Whether Defendants made false and misleading representations in their advertising and labeling of the Products;

k.   Whether Defendants knew or should have known that the misrepresentations alleged herein were false;

l.   Whether Plaintiff and the Class paid more money for the Products than they actually received;

m.  How much more money Plaintiff and the Class paid for the Products than they actually received;

n.   Whether Defendants committed common law fraud; and

o.   Whether Defendants were unjustly enriched at the expense of Plaintiff and the Class members;

66.   Plaintiff's claims are typical of the claims of the proposed Class, as the representations and omissions made by Defendants are uniform and consistent and are contained in advertisements and on packaging that was seen and relied on by Plaintiff and members of the Class.

67.   Plaintiff will fairly and adequately represent and protect the interests of the proposed Class. Plaintiff has retained competent and experienced counsel in class action and other complex litigation. Plaintiff's Counsel prosecuted the largest slack-fill nationwide class action settlement in 2018. Plaintiff's Counsel also was the first law firm to successfully certify a slack-fill lawsuit involving theater box candy confectioners (twice, in 2019 and 2020, respectively).

14

68. Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendants' false, deceptive, and misleading representations. Plaintiff purchased the Products because of the size of the box and the product label, which she believed to be indicative of the amount of candy product contained therein as commensurate with the size of the box. Plaintiff relied on Defendants' representations and would not have purchased the Products if she had known that the packaging, labeling, and advertising as described herein was false and misleading.

69. The Class is identifiable and readily ascertainable. Notice can be provided to such purchasers using techniques and a form of notice similar to those customarily used in class actions and by Internet publication, radio, newspapers, and magazines.

70. A class action is superior to other available methods for fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for proposed members of the Class to prosecute their claims individually.

71. The trial and the litigation of Plaintiff's claims are manageable. Individual litigation of the legal and factual issues raised by Defendants' conduct would increase delay and expense to all parties and the court system. The class action device presents far fewer management difficulties and provides the benefits of a single, uniform adjudication, economies of scale, and comprehensive supervision by a single court.

72. Defendants have acted on grounds generally applicable to the entire Class, thereby making final injunctive relief and/or corresponding declaratory relief appropriate with respect to the Class as a whole. The prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for Defendant.

73. Absent a class action, Defendants will likely retain the benefits of their wrongdoing. Because of the small size of the individual Class members' claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein. Absent a representative action, the Class members will continue to suffer losses and Defendants will be allowed to continue these violations of law and to retain the proceeds of their ill-gotten gains.

CLASS ACTION COMPLAINT

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

## COUNT ONE

## VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW

## BUSINESS & PROFESSIONS CODE § 17200, *et seq.*

74.　Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs and incorporates the same as if set forth herein at length.

75.　Congress passed the Federal Food, Drug, and Cosmetic Act ("FDCA"), and in so doing established the Federal Food and Drug Administration ("FDA") to "promote the public health" by ensuring that "foods are safe, wholesome, sanitary, and properly labeled." 21 U.S.C. §393.

76.　The FDA has implemented regulations to achieve this objective. *See, e.g.*, 21 C.F.R. § 101.1 *et seq.*

77.　The legislature of California has incorporated 21 C.F.R. Section 100.100, which prohibits nonfunctional slack-fill, into the State's Business and Professions Code at Section 12606.2 *et seq.*

78.　The FDA enforces the FDCA and accompanying regulations; "[t]here is no private right of action under the FDCA." *Ivie v. Kraft Foods Global, Inc.,* 2013 U.S. Dist. LEXIS 25615,2013 WL 685372, at *1 (internal citations omitted).

79.　In 1990, Congress passed an amendment to the FDCA, the Nutrition Labeling and Education Act ("NLEA"), which imposed a number of requirements specifically governing food nutritional content labeling. *See*, *e.g.*, 21 U.S.C. § 343 *et. seq.*

80.　Plaintiff is not suing under the FDCA, but under California state law.

81.　The California Sherman Food, Drug, and Cosmetic Act ("Sherman Law"), Cal. Health & Safety Code Section 109875 *et seq.*, has adopted wholesale the food labeling requirements of the FDCA and NLEA as the food regulations of California. Cal. Health & Safety Code Section 110100.

82.　The Sherman Law declares any food to be misbranded if it is false or misleading in any particular, if the labeling does not conform with the requirements for nutrition labeling set

forth in certain provisions of the NLEA. Cal. Health & Safety Code Sections 110660, 110665, 110670.

83.     The UCL prohibits "any unlawful, unfair... or fraudulent business act or practice." Cal. Bus & Prof. Code § 17200.

### A.     "Unfair Prong"

84.     Under California's Unfair Competition Law, Cal. Bus. & Prof. Code Section 17200, *et seq.,* a challenged activity is "unfair" when "any injury it causes outweighs any benefits provided to consumers and the injury is one that the consumers themselves could not reasonably avoid." *Camacho v. Auto Club of Southern California*, 142 Cal. App. 4th 1394, 1403 (2006).

85.     Defendants' action of leaving 47% nonfunctional slack-fill in the Products does not confer any benefit to consumers.

86.     Defendants' action of leaving 47% nonfunctional slack-fill in the Products causes injuries to consumers, who do not receive a quantity of candy commensurate with their reasonable expectations.

87.     Defendants' action of leaving 47% nonfunctional slack-fill in the Products causes injuries to consumers, who do not receive a level of hunger satiety commensurate with their reasonable expectations.

88.     Defendants' action of leaving 47% nonfunctional slack-fill in the Products causes injuries to consumers, who end up overpaying for the Products and receiving a quantity of candy less than what they expected to receive.

89.     Consumers cannot avoid any of the injuries caused by the 47% or more nonfunctional slack-fill in Defendants' Products.

90.     Accordingly, the injuries caused by Defendants' inclusion of 47% nonfunctional slack-fill in the Products outweigh any benefits.

91.     Some courts conduct a balancing test to decide if a challenged activity amounts to unfair conduct under California Business and Professions Code Section 17200. They "weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim." *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1169 (9th Cir. 2012).

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

92.     Here, Defendants' conduct of including 47% nonfunctional slack-fill in the Products' packaging has no utility and financially harms purchasers. Thus, the utility of Defendants' conduct is vastly outweighed by the gravity of harm.

93.     Some courts require that "unfairness must be tethered to some legislative declared policy or proof of some actual or threatened impact on competition." *Lozano v. AT&T WirelessServs. Inc.*, 504 F. 3d 718, 735 (9th Cir. 2007).

94.     The California legislature maintains a declared policy of prohibiting nonfunctional slack-fill in consumer goods, as reflected in State's Business and Professions Code Section 12606.2 and California Health and Safety Code Section 110100.

95.     The 47% of nonfunctional slack-fill contained in the Products is tethered to a legislative policy declared in California according to Cal. Bus. and Prof. Code Section 12606.2 and Cal. Health & Safety Code Section 110100.

96.     Defendants' packaging of the Products, as alleged in the preceding paragraphs, is false, deceptive, misleading, and unreasonable, and constitutes unfair conduct.

97.     Defendants knew or should have known of their unfair conduct.

98.     As alleged in the preceding paragraphs, the misrepresentations by Defendants detailed above constitute an unfair business practice within the meaning of California Business and Professions Code Section 17200.

99.     There existed reasonably available alternatives to further Defendants' legitimate business interests, other than the conduct described herein. Defendants could have used packaging appropriate for the amount of candy product contained within the Products.

100.    All of the conduct alleged herein occurs and continues to occur in Defendants' businesses. Defendants' wrongful conduct is part of a pattern or generalized course of conduct repeated on thousands of occasions daily.

101.    Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendants' unfair conduct. Plaintiff paid an unwarranted premium for the Product. Specifically, Plaintiff paid for 47% of candy product she never received. Plaintiff would not have

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

purchased the Product if she had known that the Products' packaging contained nonfunctional slack-fill.

### B.    "Fraudulent" Prong

102.    California Business and Professions Code Section 17200, et seq., considers conduct fraudulent and prohibits said conduct if it is likely to deceive members of the public. *Bank of the West v. Superior Court*, 2 Cal. 4th 1254, 1267 (1992).

103.    Defendants' conduct of packaging the Products with 47% nonfunctional slack-fill is likely to deceive members of the public.

104.    Defendants' packaging of the Products, as alleged in the preceding paragraphs, is false, deceptive, misleading, unreasonable, and constitutes fraudulent conduct.

105.    Defendants knew or should have known of their fraudulent conduct.

106.    As alleged in the preceding paragraphs, the misrepresentations by Defendants detailed above constitute a fraudulent business practice in violation of California Business & Professions Code Section 17200.

107.    Defendants had reasonably available alternatives to further their legitimate business interests, other than the conduct described herein. Defendants could have used packaging appropriate for the proportion of product contained therein.

108.    All of the conduct alleged herein occurs and continues to occur in Defendants' business. Defendants' wrongful conduct is part of a pattern or generalized course of conduct repeated on thousands of occasions daily.

109.    Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendants' fraudulent conduct. Plaintiff paid an unwarranted premium for this product. Specifically, Plaintiff paid for 47% of candy product she never received. Plaintiff would not have purchased the Products if she had known that the boxes contained nonfunctional slack-fill.

### C.    "Unlawful" Prong

110.    California Business and Professions Code Section 17200, *et seq.*, identifies violations of other laws as "unlawful practices that the unfair competition law makes

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

independently actionable." *Velazquez v. GMAC Mortg. Corp.*, 605 F. Supp. 2d 1049, 1068 (C.D. Cal. 2008).

111.    Defendants' packaging of the Products, as alleged in the preceding paragraphs, violates California Civil Code Section 1750, *et. seq.*, California Business and Professions Code Section 17500, *et. seq.*, Cal. Business and Professions Code Section 12606.2 *et. seq.*, and 21 C.F.R Section 100.100.

112.    Defendants' packaging of the Products, as alleged in the preceding paragraphs, is false, deceptive, misleading, and unreasonable, and constitutes unlawful conduct.

113.    Defendants knew or should have known of their unlawful conduct.

114.    As alleged in the preceding paragraphs, the misrepresentations by Defendants alleged herein constitute an unlawful business practice within the meaning of California Business and Professions Code Section 17200.

115.    There were reasonably available alternatives to further Defendants' legitimate business interests, other than the conduct described herein. Defendants could have used packaging appropriate for the amount of candy product contained therein.

116.    All of the conduct alleged herein occurred and continues to occur in Defendants' businesses. Defendants' unlawful conduct is part of a pattern or generalized course of conduct repeated on thousands of occasions daily.

117.    Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendants' unlawful conduct. Plaintiff paid an unwarranted premium for this product. Specifically, Plaintiff paid for 47% of candy product she never received. Plaintiff would not have purchased the Product if she had known that the packaging contained nonfunctional slack-fill.

118.    As a result of the business acts and practices described above, Plaintiff and members of the Class, pursuant to § 17203, are entitled to an order enjoining such future wrongful conduct on the part of Defendants and such other orders and judgments that may be necessary to disgorge Defendants' ill-gotten gains and to restore to any person in interest any money paid for the Products as a result of the wrongful conduct of Defendant.

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

a.  Plaintiff and members of the Class are entitled to equitable relief as no adequate
remedy at law exists.

(1) The applicable limitations period is four years for claims brought under the
UCL, which is one year longer than the applicable statute of limitations under
the FAL and CLRA. Thus, class members who purchased the Products between
3 and 4 years prior to the filing of the complaint will be barred from the Class if
equitable relief were not granted under the UCL.

(2) The scope of actionable misconduct under the unfair prong of the UCL is
broader than the other causes of action asserted herein to include, for example,
the overall unfair marketing scheme of underfilling the Products' packaging.
Thus, Plaintiff and class members may be entitled to restitution under the UCL,
while not entitled to damages under other causes of action asserted herein (e.g.,
the FAL requires actual or constructive knowledge of the falsity; the CLRA is
limited to certain types of plaintiffs (an individual who seeks or acquires, by
purchase or lease, any goods or services for personal, family, or household
purposes) and other statutorily enumerated conduct).

(3) Injunctive relief is appropriate on behalf of Plaintiff and members of the Class
because Defendants continue to deceptively underfill the Products' packaging.
Injunctive relief is necessary to prevent Defendants from continuing to engage
in this unfair, fraudulent, and/or unlawful conduct described herein and to
prevent future harm—none of which can be achieved through available legal
remedies. Further, injunctive relief, in the form of packaging or label
modifications, is necessary to dispel public misperception about the Products
that has resulted from years of Defendants' unlawful marketing efforts. Such
modifications could include, but are not limited to, shrinking the packaging,
adding more candy to the packaging, or adding an actual size depiction
accompanied by a piece count on the front label. Such relief is not available
through a legal remedy, as monetary damages may be awarded to remedy past

21

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

harm (i.e., purchasers who have been misled), while injunctive relief is necessary to remedy future harm (i.e., prevent future purchasers from being misled), under the current circumstances where the dollar amount of future damages is not reasonably ascertainable at this time. Plaintiff is, currently, unable to accurately quantify the damages caused by Defendants' future harm (e.g., the dollar amount that Plaintiff and Class members will pay for the underfilled Products), rendering injunctive relief a necessary remedy.

119.    Pursuant to Civil Code § 3287(a), Plaintiff and the Class are further entitled to pre-judgment interest as a direct and proximate result of Defendants' unfair and fraudulent business conduct. The amount on which interest is to be calculated is a sum certain and capable of calculation, and Plaintiff and the Class are entitled to interest in an amount according to proof.

## COUNT TWO

### FALSE AND MISLEADING ADVERTISING IN VIOLATION OF BUSINESS & PROFESSIONS CODE § 17500, *et seq.*

120.    Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs and incorporates the same as if set forth herein at length.

121.    California's False Advertising Law, California Business and Professions Code Section 17500, *et seq.*, makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, in any advertising device or in any other manner or means whatever, including over the Internet, any statement, concerning personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should beknown, to be untrue or misleading."

122.    Defendants knowingly manipulated the physical dimensions of the Products' box, or stated another way, under-filled the amount of candy product in Products, by including 47% nonfunctional slack-fill as a means to mislead the public about the amount of candy product contained in each package.

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

123. Defendants controlled the packaging of the Products. They knew or should have known, through the exercise of reasonable care, that their representations about the quantity of candy product contained in the Products were untrue and misleading.

124. Defendants' actions of packaging the Products with 47% nonfunctional slack-fill instead of including more candy content in the box, or decreasing the size of the box, are likely to deceive the general public.

125. Defendants' actions were false and misleading, such that the general public is and was likely to be deceived, in violation of Section 17500.

126. Pursuant to Business and Professions Code Section 17535, Plaintiff and the Class seek an order of this Court enjoining Defendants from continuing to engage, use, or employ their practice of under-filling the Products' boxes. Likewise, Plaintiff and the Class seek an order requiring Defendants to disclose such misrepresentations, and additionally request an order awarding Plaintiff and the Class restitution of the money wrongfully acquired by Defendants by means of responsibility attached to Defendants' failure to disclose the existence and significance of said misrepresentations in an amount to be determined at trial.

a. Plaintiff and members of the Class are entitled to equitable relief as no adequate remedy at law exists.

(1) The scope of permissible plaintiffs under the FAL is broader than the CLRA to include, for example, individuals or entities who purchased the Products for non-personal, non-family, and non-household purposes. Thus, Plaintiff and class members may be entitled to restitution under the FAL, while not entitled to damages under the CLRA.

(2) Injunctive relief is appropriate on behalf of Plaintiff and members of the Class because Defendants continue to deceptively underfill the Products' packaging. Injunctive relief is necessary to prevent Defendants from continuing to engage in the unlawful conduct described herein and to prevent future harm—none of which can be achieved through available legal remedies. Further, injunctive relief, in the form of packaging or label modifications, is necessary to dispel

23

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

public misperception about the Products that has resulted from years of Defendants' unfair, fraudulent, and unlawful marketing efforts. Such modifications would include, but are not limited to, shrinking the packaging, adding more candy to the packaging, or adding an actual size depiction accompanied by a piece count on the front label. Such relief is also not available through a legal remedy as monetary damages may be awarded to remedy past harm (i.e., purchasers who have been misled), while injunctive relief is necessary to remedy future harm (i.e., prevent future purchasers from being misled), under the current circumstances where the dollar amount of future damages is not reasonably ascertainable at this time. Plaintiff is, currently, unable to accurately quantify the damages caused by Defendants' future harm (e.g., the dollar amount that Plaintiff and Class members overpay pay for the underfilled Products), rendering injunctive relief a necessary remedy.

127.    Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendants' false representations. Plaintiff purchased the Products in reliance upon the claims by Defendants that the Products were of the quantity represented by Defendants' packaging and advertising. Plaintiff would not have purchased the Products if she had known that the claims and advertising as described herein were false.

## COUNT THREE

## VIOLATION OF CALIFORNIA CONSUMERS LEGAL REMEDIES ACT, CALIFORNIA CIVIL CODE § 1750, *et seq*.

128.    Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs and incorporates the same as if set forth herein at length.

129.    The CLRA prohibits certain "unfair methods of competition and unfair or deceptive acts or practices" in connection with a sale of goods.

130.    The practices described herein, specifically Defendants' packaging, advertising, and sale of the Products, were intended to result and did result in the sale of the Products to the consuming public and violated and continue to violate sections 1770(a)(2), 1770(a)(4),

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

1770(a)(5), 1770(a)(9), and 1770(a)(16) of the CLRA by (1) misrepresenting the approval of the Products as compliant with 21 C.F.R. Section 100.100, California Business and Professions Code Section 12606.2,  and the Sherman Law; (2) using deceptive representations in connection with the Products; (3) representing the Products have characteristics and quantities that they do not have; (4) advertising and packaging the Products with intent not to sell them as advertised and packaged; and (5) representing that the Products have been supplied in accordance with a previous representation as to the quantity of candy product contained within each box, when they have not.

131.    Defendants fraudulently deceived Plaintiff and the Class by representing that the Products' packaging, which includes 47% nonfunctional slack-fill, actually conforms to federal and California slack-fill regulations and statutes including the Sherman Law, California Business and Professions Code Section 12606.2, and 21 C.F.R. 100.100.

132.    Defendants packaged the Products in boxes that contain 47% nonfunctional slack-fill and made material misrepresentations to fraudulently deceive Plaintiff and the Class.

133.    Defendants fraudulently deceived Plaintiff and the Class by misrepresenting the Products as having characteristics and quantities which they do not have, e.g., that the Products are free of nonfunctional slack-fill when they are not. In doing so, Defendants intentionally misrepresented and concealed material facts from Plaintiff and the Class. Said misrepresentations and concealment were done with the intention of deceiving Plaintiff and the Class and depriving them of their legal rights and money.

134.    Defendants fraudulently deceived Plaintiff and the Class by packaging and advertising the Products with intent not to sell them as advertised and by intentionally under-filling the Products' boxes and replacing candy product with nonfunctional slack-fill. In doing so, Defendants intentionally misrepresented and concealed material facts from Plaintiff and the Class. Said misrepresentations and concealment were done with the intention of deceiving Plaintiff and the Class and depriving them of their legal rights and money.

135.    Defendants fraudulently deceived Plaintiff and the Class by representing that the Products were supplied in accordance with an accurate representation as to the quantity of candy

product contained therein when it was not. Defendants presented the physical dimensions of the Products' packaging to Plaintiff and the Class before the point of purchase and gave Plaintiff and the Class a reasonable expectation that the quantity of product contained therein would be commensurate with the size of packaging. In doing so, Defendants intentionally misrepresented and concealed material facts from Plaintiff and the Class. Said misrepresentations and concealment were done with the intention of deceiving Plaintiff and the Class and depriving them of their legal rights and money.

136. Defendants knew or should have known, through the exercise of reasonable care, that the Products' packaging was misleading.

137. Defendants' actions as described herein were done with conscious disregard of Plaintiff's rights, and Defendants were wanton and malicious in their concealment of the same.

138. Defendants' packaging of the Products was a material factor in Plaintiff's and the Class's decisions to purchase the Products. Based on Defendants' packaging of the Products, Plaintiff and the Class reasonably believed that they were getting more product than they actually received. Had they known the truth of the matter, Plaintiff and the Class would not have purchased the Products.

139. Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendants' unfair, unlawful, and fraudulent conduct. Specifically, Plaintiff paid for candy product she never received. Plaintiff would not have purchased the Products had she known the boxes contained nonfunctional slack-fill.

140. Plaintiff respectfully requests that the Court enjoin Defendants from continuing to employ the unlawful methods, acts, and practices alleged herein pursuant to § 1780(a)(2). Additionally, Defendants should be compelled to provide restitution and damages to consumers who paid for candy product they never received due to Defendants' representation that the Products contained an amount of candy commensurate with the size of the boxes.

    a. Plaintiff and members of the Class are entitled to equitable relief as no adequate remedy at law exists.

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

(1) Injunctive relief is appropriate on behalf of Plaintiff and members of the Class because Defendants continue to deceptively underfill the Products' packaging. Injunctive relief is necessary to prevent Defendants from continuing to engage in the unlawful conduct described herein and to prevent future harm—none of which can be achieved through available legal remedies. Further, injunctive relief, in the form of packaging or label modifications, is necessary to dispel public misperception about the Products that has resulted from years of Defendants' unfair, fraudulent, and unlawful marketing efforts. Such modifications would include, but are not limited to, shrinking the packaging, adding more candy to the packaging, or adding an actual size depiction accompanied by a piece count on the front label. Such relief is also not available through a legal remedy as monetary damages may be awarded to remedy past harm (i.e., purchasers who have been misled), while injunctive relief is necessary to remedy future harm (i.e., prevent future purchasers from being misled), under the current circumstances where the dollar amount of future damages is not reasonably ascertainable at this time. Plaintiff is, currently, unable to accurately quantify the damages caused by Defendants' future harm (e.g., the dollar amount that Plaintiff and Class members overpay pay for the underfilled Products), rendering injunctive relief a necessary remedy.

141.    By letter dated August 2, 2021, Plaintiff advised Defendants of their false and misleading claims pursuant to California Civil Code Section 1782(a).

## **COUNT FOUR**

### **Restitution Based on Quasi-Contract/Unjust Enrichment**

142.    Plaintiff repeats and realleges the allegations set forth above and incorporates the same as if set forth herein at length.

143.    Plaintiff brings this cause of action individually and on behalf of the members of the Class against Defendant.

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

144.     By means of Defendants' wrongful conduct alleged herein, Defendants knowingly sold the Products to Plaintiff and members of the Class in a manner that was unfair, unconscionable, and oppressive.

145.     Defendants knowingly received and retained wrongful benefits and funds from Plaintiff and members of the Class. In so doing, Defendants acted with conscious disregard for the rights of Plaintiff and members of the Class.

146.     As a result of Defendants wrongful conduct as alleged herein, Defendants have been unjustly enriched at the expense of, and to the detriment of, Plaintiff and members of the Class.

147.     Defendants' unjust enrichment is traceable to, and resulted directly and proximately from, the false, deceptive, and misleading conduct alleged herein.

148.     Under the common law doctrine of unjust enrichment, it is inequitable for Defendants to be permitted to retain the benefits they received, without justification, from selling the Products to Plaintiff and members of the class in an unfair, unconscionable, and oppressive manner. Defendants' retention of such funds under such circumstances constitutes unjust enrichment.

149.     The financial benefits derived by Defendants rightfully belong to Plaintiff and members of the Class. Defendants should be compelled to return in a common fund for the benefit of Plaintiff and members of the Class all wrongful or inequitable proceeds received by Defendant.

150.     Plaintiff and members of the Class have no adequate remedy at law.

## COUNT FIVE

### Common Law Fraud

151.     Plaintiff repeats and realleges all of the allegations contained in the preceding paragraphs and incorporates the same as if set forth herein at length.

152.     Plaintiff brings this cause of action individually and on behalf of the members of the Class against Defendants.

153.     Defendants have willfully, falsely, and knowingly filled and packaged the Products in a manner indicating that the Products are sufficiently filled with an amount of candy product commensurate with the size of the container. However, the Products contain 47% nonfunctional and unlawful slack-fill. Defendants have misrepresented the quantity of candy product contained in the Products.

154.     Defendants' misrepresentations are and were material (i.e., the type of misrepresentations to which a reasonable person would attach importance and would be induced to act thereon in making his or her purchase decision), because they relate to the quantity of candy product contained in the Products.

155.     Defendants knew of, or showed reckless disregard for, the fact that the Products contained a substantial amount of nonfunctional slack-fill.

156.     Defendants intended for Plaintiff and the Class to rely on these representations, as evidenced by Defendants' manufacturing of packaging that is substantially larger than necessary to hold the volume of the contents contained therein.

157.     Plaintiff and the Class have reasonably and detrimentally relied on Defendants' misrepresentations when purchasing the Products and, had they known the truth, they would not have purchased the Products or would have paid significantly less for the Products.

158.     Therefore, as a direct and proximate result of Defendants' fraud, Plaintiff and members of the Class have suffered injury in fact.

## COUNT SIX

### Intentional Misrepresentation

159.     Plaintiff repeats and realleges all of the allegations contained in the preceding paragraphs and incorporates the same as if set forth herein at length.

160.     Plaintiff brings this cause of action individually and on behalf of all members of the Class against Defendant.

161.     Defendants have filled and packaged the Products in a manner indicating that the Products are adequately filled with candy product. However, the Products contain 47%

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

nonfunctional and unlawful slack-fill. Defendants misrepresented the quantity of candy product contained within the Products' packaging.

162.    Defendants' misrepresentations regarding the Products are material to a reasonable consumer, as they relate to the quantity of product received by consumers. A reasonable consumer would attach importance to such representations and would be induced to act thereon in making his or her purchase decision.

163.    At all relevant times when such misrepresentations were made, Defendants knew or should have known that the representations were misleading.

164.    Defendants intended for Plaintiff and the Class to rely on the size and style of the Products' packaging, as evidenced by Defendants' intentional manufacturing, marketing, and selling of packaging that is significantly larger than is necessary to contain the volume of the contents within them.

165.    Plaintiff and members of the Class reasonably and justifiably relied on Defendants' intentional misrepresentations when purchasing the Products, and had they known the truth, they would not have purchased the Products or would have purchased it at significantly lower prices.

166.    As a direct and proximate result of Defendants' intentional misrepresentations, Plaintiff and members of the Class have suffered injury in fact.

## COUNT SEVEN

### Negligent Misrepresentation

167.    Plaintiff repeats and realleges all of the allegations contained above and incorporates the same as if set forth herein at length.

168.    Plaintiff brings this cause of action individually and on behalf of the Class against Defendants.

169.    Defendants have filled and packaged the Products in a manner indicating that the Products are adequately filled with candy product. However, the Products contain 47% less candy product than required and instead contain a substantial amount of nonfunctional slack-fill. Therefore, Defendants have misrepresented the amount of candy product contained in the Products.

170.   Defendants' misrepresentations regarding the Products are material to a reasonable consumer, as they relate to the quantity of product received by the consumer. A reasonable consumer would attach importance to such representations and would be induced to act thereon in making his or her purchase decision.

171.   At all relevant times when such misrepresentations were made, Defendants knew or should have known that the Products were not adequately filled with candy but instead contained substantial amounts of nonfunctional slack-fill.

172.   Defendants intended for Plaintiff and the Class to rely on the size and style of the Products' packaging, as evidence by Defendants' packaging that is significantly larger than is necessary to contain the volume of the candy product therein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays for judgment and relief on all causes of action as follows:

A.   An order enjoining Defendants from continuing to label, package, and/or advertise the Products as challenged herein so as to dispel the consumer deception;

B.   Damages against Defendants in an amount to be determined at trial, together with pre- and post- judgement interest at the maximum rate allowable by law on any amounts awarded;

C.   Restitution and/or disgorgement in an amount to be determined at trial;

D.   Reasonable attorneys' fees and costs; and

E.   Granting such other and further as may be just and proper.

///

///

///

///

///

///

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

CLASS ACTION COMPLAINT

## **JURY TRIAL DEMANDED**

Plaintiff demands a jury trial on all triable issues.


DATED: August 5, 2021                          **CLARKSON LAW FIRM, P.C.**


                                               _____
                                               Ryan J. Clarkson, Esq.
                                               Zachary T. Chrzan, Esq.
                                               *Attorneys for Plaintiff*

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265